# H. C. Whitmer Co. v. Richardson et al.

(Decided Dec. 14, 1937.)

SHUMATE & SHUMATE for appellant.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

In February, 1930, J. B. Kindred of Panola, Ky., entered into a written agreement with the H. C. Whitmer Company, a corporation of Columbus, Ind., hereinafter called the company, whereby he was privileged to purchase on credit, at wholesale prices, medicines, extracts, stock foods, etc., manufactured and put up by the company. The contract provided in detail how payments should be made, the conditions under which discounts would be allowed, and for return after termination of the contract of unsold goods to be credited on account at wholesale price, less a specified discount. Walter Richardson, N. J. Tuttle, and J. G. Chasteen signed an agreement, appended to the contract, whereby they jointly and severally guaranteed the faithful performance of the agreement by J. B. Kindred.

In April, 1935, the company instituted this action against J. B. Kindred, Walter Richardson, and N. J. Tuttle, seeking to recover under the contract and guaranty the sum of $239.12 alleged to be due for goods, wares, and merchandise sold and delivered to Kindred pursuant thereto. J. B. Kindred, so far as the record discloses, was not served with process and did not enter his appearance; but Richardson and Tuttle, with-

out waiving special and general demurrers to the petition, filed answer, the first paragraph of which consisted of a denial of the allegations of the petition respecting the account. In a second praagraph they admitted signing the guaranty agreement, but alleged that they did so with the understanding that they were to be bound for a period of one year only, and that more than one year had elapsed between the signing of the bond and the commencement of the action, and they were thereby relieved of any liability. In a third paragraph they pleaded that subsequent to the signing of the guaranty, J. B. Kindred wrote the company stating that Chasteen desired to be released and requesting it to send another guaranty to be executed; that the company by letter replied in effect that no other bond was required or necessary, and Kindred could continue without a bond, and that he thereupon informed them they were released.

A demurrer to the second and third paragraphs of the answer was sustained as to the former, and the issues were completed by a reply traversing the third paragraph. Trial resulted in a verdict and judgment for defendants. The company has filed a motion for appeal.

Grounds urged for reversal are, in substance, that: (1) The court erred in overruling the company's motion for a peremptory instruction in its favor at the close of the evidence; (2) that the verdict is flagrantly against the evidence and the result of passion and prejudice on the part of the jury; and (3) that the court erred in omission of incompetent evidence over objection of the company. No brief has been filed by the opposing parties.

There is in the record an itemized statement of Kindred's account with the company covering fifteen typewritten pages which purports to show every debit amounting in the aggregate to $981.85 and all credits including goods returned aggregating $742.73, leaving a balance due the company of $239.12, the amount sued for. This account covers the period beginning February 12, 1930, and ending February 10, 1933. Officers of the company testified positively to the correctness of the account. There is no evidence to the contrary, except that when Mr. Kindred was asked, ''Do you owe the Whitmer Remedy Company anything?'' he replied, ''No sir,'' and further evidence that when a former suit was brought against Kindred and the guarantors, other

than Richardson, for $239.12, he went to the offices of the company and produced receipts for sums $9.36 in excess of that amount, and the suit was thereupon dismissed without prejudice. But it was then overlooked that the $239.12 sued for was the balance due on the account. No question is made concerning the correctness of the receipts produced by Kindred, but he has been given credit for all of them and for many more, and has also been given credit for some items for which he produced no receipts. Richardson and Tuttle knew nothing concerning the status of the account except what they heard said concerning it at the time of and in connection with the dismissal of the first suit. Kindred admitted in letters to the company after the account was closed that he owed a balance which he would pay as he collected accounts from his customers. He is an old man in poor health, having suffered a stroke of paralysis. He was apparently never well versed in business matters, and his confusion is to be attributed to the fact that he did not understand the suit was for a balance due on the account and his lack of knowledge of accounting rather than a purpose to defeat a just claim.

When the company established its account and the balance due, the burden then shifted to defendants to establish payment, satisfaction, or that the account was incorrect, and we are constrained to the conclusion from the evidence as a whole that they utterly failed to meet that burden in any particular, and therefore the court erred in not directing a verdict for the company upon its motion at the close of all the evidence.

The court merely submitted to the jury the issue as to whether Kindred was indebted to the company under the contract, and, if so, in what amount, and refused to give an instruction embodying the defense attempted to be pleaded in the third paragraph of the answer. If in fact the demurrer to that paragraph of the answer should not also have been sustained, it is quite apparent under the evidence that any instruction on that theory of the case was properly refused.

Wherefore, the motion for appeal is sustained, and the judgment reversed for proceedings consistent with this opinion.