**Thomas JOHNSON, Appellant,**

**v.**

**Lee ROY et al., Appellees.**

Court of Appeals of Kentucky.

May 6, 1955.

Fritz Krueger, Somerset, for appellant.

Merial Harris, Somerset, for appellees.

HOGG, Judge.

This is a passway case. Its width is the only question involved on this appeal. Its existence as appurtenant to the land of plaintiffs (appellees) is established beyond doubt. The trial court held that the easement existed.

On this appeal the owner of the servient estate (appellant) contends that the lower court erred in fixing the width of the passway at 18 feet, and insists that its width should have been fixed no greater than 15 feet.

The evidence greatly preponderates that the passway for more than a half-century was a wagon road, unfenced. Its use under claim of right was by farm wagons. In the last few years motor trucks have been seen to pass over the road, but primarily, since its beginning, it has been a wagon road.

Bearing on the question of the width of the passway, we look to the evidence on that point. Appellee, Lee Roy, testified that there were places on the passway where wagons could pass, but he did not know the width of the road. Leo Trimble said there was room for a truck to go over the road and the road was not much wider than the truck. Charles Reedy, a surveyor, said the road was about 15 feet wide. Jackson Burton said that a part of the road was 12 or 15 feet wide. Huey Trimble said the road was from 10 to 15 feet wide. George Burton said that the road before it was fixed was 7 or 8 feet wide, but that it is now 3 or 4 feet wider than the original road. Earl Harris said that the road was wide enough for a truck with a bed to pass on it, and his truck was about 8 feet wide.

Tommy Johnson said that the road averaged 10 feet in width. Ezra Pierce said the road was 10 or 12 feet wide. Ona Pierce said the road was wide enough for one truck. Sidna Owens said the road was about 10 feet wide, and not over 12 feet. Herbert Owens said the road was wide enough for a wagon. R. S. Roy said the road was 12 or 15 feet wide. Clifford Pierce said the road was barely wide enough for a haul wagon to pass, and two wagons could not pass each other. Brent Tartar said the road was not over 12 to 15 feet wide. Clarence Owens said the road was 10 or 12 feet wide. Ed Pitman said the road was about 12 feet wide. Denton Pitman said the road was wide enough for a wagon to travel. G. T. Weddle said the road was narrow and it was a wagon road, but there were some places where wagons could pass. Tip Pitman said the road was 10 or 12 feet wide. Lon Ard said the road was 10 or 12 feet wide.

The resumé of the evidence with respect to the width of the passway shows that the chancellor's judgment is erroneous.

 Before the adoption of the Kentucky Civil Rules we announced that "While it is the rule not to reverse the judgment of the chancellor on a mere matter of the credibility of the witnesses, or where under the evidence as a whole the truth of the matter involved is doubtful, it is also the rule that we will weigh and judge of the sufficiency of the evidence for ourselves, and, where it is found to preponderate for one side or the other in such a way as to convince us that the chancellor erred, his judgment will be reversed." Faulkner v. Headrick's Adm'r, 213 Ky. 692, 281 S.W. 813, 814; Ken-Tex Exploration Co. v. Conner, Ky., 251 S.W.2d 280, and cases therein cited.

This case is being practiced under the Civil Code of Practice, but even if it were being practiced under the new Kentucky Civil Rules our conclusion would be the same because the finding of the chancellor that the passway was 18 feet in width is without adequate evidentiary support and is *clearly* erroneous. CR 52.01.

It is the rule that where an easement is acquired by prescription or use, as here, such an easement exists only to the extent of the use. Baker v. Maggard, Ky., 255 S.W.2d 45. In adjudging the passway to be 18 feet in width, the lower court did so without any evidence to show that there was continuous use of the passway greater than 15 feet in width. Never was there any notice to the owner of the servient estate of any adverse claim or use beyond a width of 15 feet, at the most.

The judgment of the chancellor holding that the easement existed is affirmed, but that part of the judgment holding that the passway was 18 feet wide is reversed, with directions to enter judgment fixing the width of the passway at 15 feet.