Stanley D. PETTER et al., d/b/a Henry A. Petter Supply Company, Appellants,

v.

Hershel JACKSON, d/b/a Jackson Radio & Electric Supply Company, Appellee.

Court of Appeals of Kentucky.

Feb. 1, 1957.

As Modified March 1, 1957.

Robbins & Cross, Mayfield, for appellants.

H. W. Roberts, Jr., Clinton, for appellee.

MONTGOMERY, Judge.

Appellants sought to recover $6,764.65 from appellee as the combined balance due on three accounts. It was stipulated that the goods were sold and received and that the sole issue on the trial was whether the appellee had paid the balance sought.

The trial court heard the evidence without a jury and rendered judgment in favor of appellants for a sum less than the amount claimed. The contention of appellants on appeal is that the evidence of payment is insufficient to sustain the denial of recovery of the entire amount claimed.

The parties are each suppliers of heating, plumbing, and electrical equipment, appliances, etc. Appellants are wholesale dealers in Paducah. Appellee is a retailer in Clinton. In keeping their records, appellants had a general account against appellee and also two accounts on which the supplies bought for special jobs were recorded. These two accounts were for supplies purchased by appellee and furnished to his brother, Dr. V. A. Jackson. The invoices upon which appellants based their claim were filed in the record and made available for examination.

The appellee, his wife, his brother Dr. V. A. Jackson, and Dr. Jackson's bookkeeper testified. Appellants introduced witnesses in rebuttal concerning the accuracy of the account records involved. The trial court found the total goods sold and delivered to be $9,310.17, and further found that appellee was entitled to credit for $1,454.90 and $4,002.98. Judgment was given for $3,853.57 plus $247 accrued interest, or a total of $4,100.57.

The credit of $1,454.90 is not questioned by either party since it was for payments made by appellee before any purchases were made by Dr. Jackson. This was an admitted credit which was shown on the account record filed.

The issue is thus narrowed to the question of whether the proof for appellee is sufficient to sustain the credit of $4,002.98 for payments claimed to have been paid by Dr. Jackson on appellee's account. The burden of proof on this issue was on ap-

pellee. H. C. Whitmer Co. v. Richardson, 271 Ky. 112, 111 S.W.2d 577. It is evident that the trial judge gave no weight to the testimony of appellee and his wife since he found against them on their proof that the entire account was paid.

It is now necessary to determine whether the testimony of Dr. Jackson and his book-keeper is sufficient to sustain the allowance of the $4,002.98 credit. They testified that all payments were by cash, endorsed checks, or personal checks. The ledger account sheets show two credits by checks of Dr. V. A. Jackson, which were not disclaimed. Neither of these credits of $631.79 and $291.92 corresponds to any invoice. All invoices were claimed to have been paid upon presentation. None of the invoices was specifically identified as having been received or paid. All records showing payment were destroyed or thrown away following an audit in 1953 by "the income tax people". Appellee produced no record of payments or credits.

The following question was asked Dr. Jackson, to which he replied as indicated:

"You have added up all the invoices which have your name on them and you take the position you—because those invoices have your name on them that's the amount you paid? Yes sir."

It thus becomes obvious that Dr. Jackson did not testify from personal knowledge of facts with reference to the payments made, but his statement is a conclusion based upon an erroneous assumption. The testimony in support of the $4,002.98 credit is inconclusive, unconvincing, and unpersuasive. It lacks the substance necessary to sustain the burden of proof of payment. On the evidence before us on this issue, we are of the definite and firm conviction that a mistake has been committed and the finding allowing the $4,002.98 credit is clearly erroneous. CR 52.01; Johnson v. Roy, Ky., 279 S.W.2d 20; United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed.

746; United States v. Oregon State Medical Society, 343 U.S. 326, 72 S.Ct. 690, 96 L.Ed. 978.

The judgment is reversed with direction to enter one in favor of appellants in the amount claimed with interest on each item of the account from the date payment was due.