

# The Attorney General of Texas

October 3, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Ray K. Procunier
Director
Texas Department of Corrections
P. O. Box 99
Huntsville, Texas    77340

Opinion No. JM-205

Re: Benefits available to employees of schools operated by Department of Corrections for inmates

Dear Mr. Procunier:

Your predecessor in office asked several questions about the benefits available to employees of the schools for inmates established and operated by the Texas Department of Corrections under chapter 29 of the Education Code. The provisions of chapter 29 are as follows:

§29.01.

The Board of Corrections may establish and operate schools at the various units of the Department of Corrections.

§29.02

All persons incarcerated in the Department of Corrections who are not high school graduates are eligible to attend such schools.

§29.03

The Board of Corrections may accept grants from both public and private organizations and expend such funds for the purposes of operating the schools.

§29.04

The total cost of operating the schools authorized by this chapter shall be borne entirely by the state and shall be paid from the Foundation School Program Fund. Such costs shall be considered annually by the Foundation School Fund Budget Committee and included in estimating the funds needed for purposes of the Foundation School Program. No part of the operating costs herein

> provided for shall be charged to any of the school
> districts of this state.

§29.05

> A formula for the allocation of professional
> units and other operating expenses shall be
> developed by the Central Education Agency and
> approved by the State Board of Education.

Acting under this authority, the Board of Corrections established the Windham schools in 1969, designating itself the Board of Trustees. Minutes of Texas Board of Corrections, November 3, 1969.

Your first question concerns benefits provided by the General Appropriations Act of 1983, while your other questions relate to benefits available under general statutes. We will first deal with your questions on general law and then consider the appropriations act provisions.

Your second question is as follows:

> 2. When a conflict exists between the policies
> of the Texas Department of Corrections and those
> of the Texas Education Agency with regard to
> Windham School System employees, which prevails?

It is suggested that section 1.04 of the Education Code controls the answer to this question. Section 1.04(a) of the code provides that

> [t]his code shall apply to all educational
> institutions supported either wholly or in part by
> state tax funds unless specifically excluded.

Chapter 29 of the Education Code does apply to the Windham schools, but it is not clear that section 1.04(a) renders any other Education Code provision applicable to these schools. The Board of Corrections refers to the school program as a "school system" or "school district" and has named itself the Board of Trustees for the Windham School System. Notice of Open Meeting, Department of Corrections Board, September 12, 1983, 8 Tex. Reg. 3361 (1983); Minutes of Texas Board of Corrections, November 3, 1969. See Attorney General Opinion MW-363 (1981). Despite this nomenclature, the Windham schools are very different from the public schools established under the Education Code. The Windham schools are governed by the board of a state agency, not by the elected trustees of a school district. See Educ. Code §§23.25, 23.26. They are operated by the prison system, not by a political subdivision. See Kings Estate v. School Trustees of Willacy Co., 33 S.W.2d 783 (Tex. Civ. App. - San Antonio 1930, writ ref'd).

Because of the special population they serve, the Windham schools also operate differently from the typical public school subject to the Education Code. For example, Department of Corrections schools are operated year round. See Allocation of Personnel Units to the Department of Corrections, approved by State Board of Education, September 13, 1975. To be eligible, a student must attend not less than six hours a week, must not have graduated from an accredited high school, and must be able to profit from the program. Id. Numerous Education Code provisions applicable to educational institutions for school-age children could not apply to the Windham schools. See, e.g., Educ. Code chs. 17, 13 (county administration); ch. 20 (school district funds); ch. 21 (provisions on admission, attendance, transfers, kindergarten, suspensions, consolidated elections).

We do not believe section 1.04 offers any guidance as to which Education Code provisions other than sections 29.01 through 29.05 apply to the Windham School System. However, section 29.05 provides that the Texas Education Agency shall develop a formula for allocating professional units and other operating expenses in the Department of Corrections schools. Reasonable regulations affecting Windham employees made by the Texas Education Agency pursuant to this provision would prevail over a contrary Department of Corrections policy. Otherwise, in the absence of other legislation governing benefits for or restrictions on the Windham employees, the Board of Corrections has authority to establish working conditions under its power to operate the schools. Educ. Code §29.01; see generally Attorney General Opinions H-786 (1976); H-659 (1975).

You next ask:

> 3. Can Windham School System employees be granted a 180-day minimum leave of absence without pay benefit when Texas Department of Corrections employees are limited to only a six weeks' minimum benefit?

Section 13.905 of the Education Code provides school district employees with leave time for temporary disabilities. The governing board of a school district may establish a maximum length for a disability leave, which shall not be "less than 180 days." Educ. Code §13.905(f). To our knowledge, the Texas Education Agency has not imposed a similar requirement on the Windham schools under its authority to allocate professional units and operating expenses. Until this agency establishes a reasonable regulation pursuant to section 29.05 of the Education Code, the Board of Corrections has authority under section 29.01 to establish the minimum period of disability leave for Windham school employees. However, the Board of Corrections may give teachers in the Windham schools a longer term of disability leave than it gives other employees if there is a reasonable basis for the distinction.

Your fourth question is as follows:

> 4. For purposes of workmen's compensation benefits and group insurance benefits, are Windham School System employees bound by the same rules as other (non-Windham) employees of the agency?

The Board of Corrections, as trustees for the Windham schools, has authority to hire and fire school employees. Educ. Code §29.01. See Minutes of Texas Board of Corrections, September 12, 1983 at 719. Moreover, the Windham schools are supported by legislative appropriation. Their financing comes under the Foundation School Program, which normally includes state available school funds and school district ad valorem taxes as well as state appropriations for public education. Educ. Code §16.251. However, the Windham schools may only receive the latter type of funding. Their students are for the most part too old to benefit from the available fund. See Tex. Const. art. VII, §5; Educ. Code §§15.12, 21.031. Further, section 29.04 provides that the Windham schools' operating costs may not be charged to local school districts. Thus, because Windham teachers are hired and fired by the Board of Corrections and paid from state general revenues, they are as a general matter state employees.

Article 8309g, V.T.C.S., provides workmen's compensation insurance for state employees. "Employee" includes a person in the service of the state pursuant to appointment or an express contract of hire. We believe Windham school employees come within this definition and qualify for workmen's compensation benefits under article 8309g.

Article 3.50-2 of the Insurance Code provides for uniform group insurance benefits for "all employees of the State of Texas." Sec. 2(a). An "employee" includes an appointive employee in the service of the state who receives compensation on a warrant issued pursuant to a payroll certified by a department of the state. Ins. Code art. 3.50-2, §3(5)(A)(ii). We are informed that an agent of the Board of Corrections certifies the payroll for the Windham schools. Based on this information, we conclude that employees of the Windham schools are entitled to uniform group insurance benefits under article 3.50-2 of the Insurance Code.

Your fifth question is as follows:

> 5. Does the Texas Department of Corrections have the authority to limit leave of absence without pay benefits to a level less than the maximum allowed by law or by the rules of the Uniform Group Insurance Program?

The Employees Retirement System has issued the following rule under article 3.50-2 of the Insurance Code:

> An employee in an approved extended sick leave
> without pay status or in an approved leave of
> absence without pay status may continue the types
> and amounts of coverage in effect on the date the
> employee enters that status for a maximum period
> of 12 months.

34 T.A.C. §81.5(f)(5) (1982). This rule governs the continuation of
insurance coverage for an employee on unpaid leave pursuant to other
law. It sets a maximum time that an employee may continue coverage
during unpaid leave, but does not purport to establish the term of
leave. Thus, this rule does not restrict the Board of Corrections'
power to establish leave-of-absence policy for its employees.

We finally turn to your question about benefits under the general
appropriations act. General Appropriations Act, Acts 1983, 68th Leg.,
ch. 1095, art. V, at 6171. This question is as follows:

> 1. Are all Windham School System employees
> subject to all the benefits and restrictions in
> article V [of the current general appropriations
> act]? If not, are any of their employees so
> included?

The appropriations act may include only items of appropriation
and riders directing, limiting, or detailing the use of appropriated
funds. Tex. Const. art. III, §35; <u>Jessen Associates v. Bullock</u>, 531
S.W.2d 593 (Tex. 1975); <u>Fulmore v. Lane</u>, 140 S.W. 405 (Tex. 1911);
Attorney General Opinion V-1254 (1951). Provisions enacting,
repealing, or amending other laws may not be included in a general
appropriations act. <u>Moore v. Sheppard</u>, 192 S.W.2d 559 (Tex. 1946);
Attorney General Opinions JM-64 (1983); M-1199 (1972); V-1254 (1951).
A rider to the appropriations act thus cannot operate as an isolated
provision of law but must relate to an item of appropriations.
Section 1 of article V recognizes this well-established doctrine.

> The provisions set forth in this and all other
> Articles of this Act are limitations on the
> appropriations made in this Act.

There are a number of riders in article V which provide benefits
or establish restrictions for state employees. General Appropriations
Act, Acts 1983, 68th Leg., ch. 1095, art. V, §1 at 6171 (salaries for
classified employees of certain agencies); §7 at 6203 (holidays for
state employees); §8 at 6204 (vacation and sick leave for employees of
the state); §12 at 6208 (travel by employees of agencies). These
riders detail the salaries or benefits payable to state employees;
they are germane to appropriation items which provide compensation for
state employees.

Section 29.04 of the Education Code provides that the cost of operating schools for inmates shall be paid from the Foundation School Program Fund. Those funds are appropriated in part in the following items:

TEXAS CENTRAL EDUCATION AGENCY - PROGRAMS

1. Foundation School Program Allocations
   to Local Schools

   a. Regular Program, estimated
   b. Vocational Education
   c. Comprehensive Special Education
   . . . .

Acts 1983, 68th Leg., ch. 1095, art. III at 6028. Most of these funds go to school districts or regional programs and thus are not used to compensate state employees. However, a small portion of the appropriation will be used to compensate the state employees hired by the Board of Corrections to operate the Windham schools. Thus, article V riders detailing benefits and restrictions for state employees are germane to this appropriation because the appropriation provides compensation for some state employees. These riders are not, however, applicable to school district employees, who are not state employees.

A valid rider is not necessarily identical in scope with a single item of appropriation. For example, Attorney General Opinion V-1254 (1951) found constitutional the perennial rider prohibiting the use of appropriated funds to pay salary to "any employee who uses alcoholic beverages while on active duty." See Acts 1983, 68th Leg., ch. 1095, art. V, §10 at 6208. This opinion also found constitutional riders on rates for travel expense to be paid from appropriated funds to state employees. Travel expenses may be paid out of an appropriation item designated "contingent expense"; the item need not be allocated exclusively for travel. See Attorney General Opinion V-50 (1947); see also Letter Advisory No. 72 (1973) (appropriation drafted to condense detailed language formerly used).

Windham school employees are entitled to the benefits for and are subject to the restrictions on state employees found in article V of the General Appropriations Act.

### SUMMARY

The Board of Corrections has authority under section 29.01 of the Education Code to establish working conditions for employees of the Windham schools, absent a contrary policy established by the Texas Education Agency under section 29.05 of the code. The Board of Corrections may establish

the term of disability leave for Windham school employees and is not bound by section 13.905(f) of the code. Windham employees are state employees entitled to insurance benefits under article 3.50-2 of the Insurance Code and to workmen's compensation benefits under article 8309g, V.T.C.S. The Employees Retirement System rule on employee's continuation of insurance coverage during unpaid leave does not affect the Board of Corrections' power to establish the time period of unpaid leave for its employees. The Windham school employees are subject to riders in article V of the General Appropriations Act which apply to state employees.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton