### KING'S ESTATE et al. v. SCHOOL TRUSTEES OF WILLACY COUNTY et al.
### No. 8571.

Court of Civil Appeals of Texas. San Antonio.
Nov. 26, 1930.

Rehearing Denied Dec. 24, 1930.

2. Injunction 23.

S. L. Gill, of Raymondville, for appellants.

Jesse G. Foster, of Raymondville, for appellees.

FLY, C. J.

This is an appeal from a judgment sustaining a plea in abatement as well as a general demurrer and six special exceptions.

It is alleged in the petition that the school trustees of Willacy county, without authority had attempted to take certain described territory from the Willamar and the El Sanz independent school districts and transfer it to the Santa Margarita independent school district. It was alleged that the first-named districts were created in March, 1925, and that the attempted changes in the Santa Margarita district had not been recorded in the office of the county clerk, that notices had not been given of the proposed changes in the district, that an election had been called and bonds in the sum of $100,000 voted; and afterwards an election was held and payment of the bonds of the original district assumed by the new district.

The right of the president of the board of trustees to act was assailed on the ground that he was not a resident of the district, that proper notices of the elections were not given and the voters of the attached territory did not sign a petition for the election. It was also alleged that it was in contemplation to build a new school building, although there is a school building in the Santa Margarita district adequate for all purposes. The sum and substance of the rather prolix allegations was that the district was unlawfully formed, the election illegally held, and certain children were deprived of proper school facilities. It was prayed that the action of the board of trustees be set aside.

The prime object of the suit is to inquire into the organization of the school district and invalidate its organization and formation through the agency of the equitable remedy of injunction. It is evident that such is the object and design of the action, because all the relief sought is hinged upon the destruction of the district. School districts are political subdivisions of the state, authorized and chartered by the state. Being creatures of the state they can be destroyed only by their creator. Injunction is a remedial process granted by courts in which conscience is enthroned and loving mercy extended to alleviate the harshness of tribunals of law, which are expected to hew to the line and enforce the law in the letter. The merciful defensive writ of injunction is rapidly degenerating into offensive and even vengeful attacks upon the opponent, and to such an extent has it been used that Congress has for years contemplated and is even now considering a restriction of the writ in federal courts. Whether such legislation would be salutary is not open for discussion in courts, but the latter should be warned in some manner against the indiscriminate careless, if not intemperate use of writs, salutary and beneficial in their proper application. No court should grant a remedy, however merciful, to one party, that is unjust, illegal, or oppressive to the other party. Justice and law should at all times be kept in view and steadily adhered to. When an adequate, wholly effective legal remedy exists, a court of equity cannot be invoked to interfere and substitute a forum of conscience for a court of law. Pom. Eq. Jur. § 222; Joyce Inj. § 26a. Again, the petition fails to show that irreparable injury would be inflicted. It is not so alleged in terms which would not alone be insufficient, but the petition fails to allege facts which show that irreparable injury would follow if the writ of injunction was not obtained. Pom. Eq. Jur. § 39.

The school district was a quasi corporation and its organization and existence could be inquired into through quo warranto, a statutory remedy which would give adequate relief. Indeed the only manner in which the validity of the creation of a school district can be attacked is fully set out in the statute authorizing writs of quo warranto. That statute not only covers all relief sought by appellants, but is exclusive of every other method of relief. Rev. Stats, art. 6253; Crabb v. Celeste Dist., 105 Tex. 194, 146 S. W. 528, 39 L. R. A. (N. S.) 601; Oliver v. Smith (Tex. Civ. App.) 187 S. W. 528; Kuhn v. City of Yoakum (Tex. Com. App.) 6 S.W.(2d) 91. In the last case cited, which cited and followed the Crabb Case and cited a score or more of other decisions, it was said: "The rule has not been deviated from in this state that the validity of an extension of territory of a city or school district can only be attacked by a direct suit in the nature of a quo warranto by the state, or in a proceeding in which the state is a party." The rule has been reiterated many times and is not open to argument or discussion.

The question of laches in instituting the suit is inconsequential in view of the fact that no matter how vigilant appellants may have been in prosecuting the suit made by their pleadings it could not have prevailed.

The judgment is affirmed.