C. B. WATTS, Appellant,

v.

DOUBLE OAK INDEPENDENT SCHOOL DISTRICT et al., Appellees.

No. 16508.

Court of Civil Appeals of Texas.

Fort Worth.

March 27, 1964.

Rehearing Denied April 24, 1964.

McLemore & Street and O. M. Street, Dallas, for appellant.

Shirley W. Peters, Denton, for appellees.

RENFRO, Justice.

C. B. Watts brought suit on May 28, 1963, against Double Oak Independent School District and W. K. Baldridge, County Judge of Denton County, in which he alleged that an order entered by the County Judge on October 3, 1962, decreeing Double Oak Common School District was from that date changed to Double Oak Independent School District was void for the reason that said Common School District did not have seven

hundred inhabitants residing within such district. Plaintiff prayed that the order incorporating Double Oak Independent School District be set aside and held for naught.

On the 18th day of September, 1962, more than twenty qualified residents of the area to be incorporated as Double Oak Independent School District filed a petition with the County Judge requesting that an incorporation election be called. On September 19 the County Judge made and entered an order, finding that all statutory requirements had been met, and set October 1 as the date of the election. The place of election was fixed, a presiding judge was appointed, notices posted, and all other statutory requirements were complied with. It was also ordered that an election be held at the same time and place for election of seven trustees, as provided by Art. 2758, Vernon's Ann.Tex.Civ.St. The order declaring the results of the election and declaring Double Oak Independent School District to be legally incorporated was entered on October 3, 1962. The vote was 87 for incorporation and 3 against.

Summary judgment was entered for the School District.

Plaintiff's points of error are:

1. The court erred in sustaining defendants' motion for summary judgment. 2. The court erred in failing to consider the constitutionality of the question involved and in rendering judgment for defendants.

The record reflects that all requirements of Article 2757, V.T.C.S., were fully complied with in creating the independent school district.

The plaintiff brought suit individually. The State was not a party thereto; hence, the suit was not a quo warranto proceeding. The order creating the District was not void on its face. The County Judge had jurisdiction to enter said order, and the order and all prior proceedings were apparently regular and in compliance with the statutes.

The only claim of a material fact issue raised by plaintiff in answer to the motion for summary judgment was his affidavit that the District contained less than seven hundred inhabitants.

▆▆ The object of plaintiff's suit was to invalidate the Independent School District. School districts are political subdivisions of the State, authorized and chartered by the State. Being creatures of the State they can be destroyed only by their creator. King's Estate v. School Trustees of Willacy County, Tex.Civ.App., 33 S.W.2d 783, writ refused.

▆▆ When the creation of a public corporation—municipal or quasi municipal—is authorized by statute, and a corporation has been organized under the color of such authority, its corporate existence and the validity thereof can only be determined in a quo warranto proceeding brought for that purpose in the name of the State, or by some individual under the authority of the State, who has a special interest which is affected by the existence of the corporation. City of El Paso v. Ruckman, 92 Tex. 86, 46 S.W. 25; City of Gladewater v. Pelphrey, Tex.Civ.App., 309 S.W.2d 472; Rachford v. City of Port Neches, Tex.Civ.App., 46 S.W.2d 1057; King's Estate v. School Trustees of Willacy County, Tex.Civ.App., 33 S.W.2d 783, writ refused; 39 Tex.Jur.2d, pp. 408–10, §§ 58 and 59.

▆▆ Under the pleadings in this case the plaintiff showed no right to have the court determine there were less than seven hundred inhabitants in the proposed district when the election was called. State ex rel. Burkett v. Town of Clyde, Tex.Civ.App., 18 S.W.2d 202.

In view of the above authorities it is unnecessary to pass upon the constitutionality of Article 2767h, V.T.C.S., which is an act purporting to validate the School District in question.

The judgment is affirmed.