**FORD MOTOR CREDIT COMPANY, Appellant,**

v.

**A. J. DRAPER et ux., Appellees.**

**No. 7727.**

Court of Civil Appeals of Texas.

Texarkana.

Feb. 22, 1966.

Gordon H. Rowe, Jr., Leachman, Gardere, Akin, Porter & DeHay, Dallas, for appellant.

Woodrow Edwards, Mt. Vernon, for appellees.

CHADICK, Chief Judge.

This is a venue case. Trial court judgment overruling a plea of privilege is affirmed.

The judgment rendered implies that the trial court held proof supported venue in Franklin County, under the provisions of either or both Subdivisions 9 and 23, Article 1995, Vernon's Ann.Tex.Civ.St., of a suit for damages occasioned by the conversion of an automobile. The first two of the credit company's four points of error denounce the admission of testimony of James Yates' conversation, statements and conduct in the course of his effort to repossess an automobile belonging to A. J. Draper and wife, Bobbie, the appellees herein; the other two points question the judgment rendered on the grounds that the record contains no competent evidence to support findings that the company or its agent or representative committed a crime, offense or trespass, in Franklin County, or that a cause of action, or part thereof, against the company, arose in such county. The statement and argument under the points leave some venue facts out of dispute; so only the questioned elements will be discussed.

Officials of appellant Ford Motor Credit Company decided on or about December 7, 1964, to retake possession of the Drapers' 1963 Galaxie four-door sedan. To execute the decision the credit company employed a firm known in the record as Allstate Adjusters. The automobile was repossessed and Allstate Adjusters reported to the credit company that an employee, Jim Yates, effected repossession. These facts were established by the credit company's replies to the Drapers' interrogatories propounded in accordance with the provisions of Rule 168, Vernon's Ann.Tex.Rules.

In and as a part of the credit company's response to the Drapers' interrogatories the company denied that its agents or representatives repossessed the vehicle, and declared that Allstate Adjusters was an independent contractor with the company. The content of the contract between the company and Allstate Adjusters is not divulged in the company's replies, nor are the terms of the contractual relationship between them otherwise produced. The Drapers' brief treats the company's replies to the interrogatories as though they were admissions made pursuant to request authorized by Rule 169. The problem this presents will be noticed next.

■ Present Rule 168 provides for interrogatories to be propounded by one party to other parties in a lawsuit, and authorizes the admission of evidence gathered thereby in the trial of the suit, subject to compliance with the general rules of evidence and the limitation that such admissible evidence "may be used only against the party answering the interrogatories". Without attempting to detail the distinction it is apparent on comparison that interrogatories propounded and answers thereto under present Rule 168, which was adopted and became effective in 1962, are not intended to perform the function of, supplant, or have the effect of request and admissions in response thereto authorized by the much earlier Rule 169, which went into effect in 1941. The credit company's replies to the Drapers' interrogatories are not to be treated as admissions made pursuant to Rule 169. The probative effect of the company's replies to interrogatories are to be determined by their character as admissible evidence and not as Rule 169 admissions, though as evidence the replies may embody admissions of fact and have effect as such.

■ The facts established by the credit company's replies to interrogatories set out earlier in the opinion are sufficient to support the trial judge's implied finding that Jim Yates was the agent of the company in repossessing the Drapers' car. This conclusion stems from principles now to be mentioned. The credit company's reply that Allstate Adjusters was employed to repossess the automobile creates a rebuttable presumption that the relationship of master and servant resulted from the employment. Ochoa v. Winerick Motor Sales

Company, 127 Tex. 542, 94 S.W.2d 416, op. adpt. The burden of rebutting the master-servant presumption and of proving All-state Adjusters an independent contractor was upon the credit company. Taylor, B. & H. R. Co. v. Warner, 88 Tex. 642 at 648, 32 S.W. 868 at 870. See also "Independent Contractors", 30 T.J.2d 495, Sec. 14. No evidence was tendered on the issue and in the absence of proof establishing an independent contractor relationship claiming that status changes nothing. The Allstate Adjusters, as a firm, was employed to repossess the Draper automobile and as an employee was a representative of the company in that endeavor, and in a broad sense the company's agent. See Thompson v. Schmitt, 115 Tex. 53, 274 S.W. 554, where it is said: "One who acts in my behalf, for my advantage, by my authority, is my agent."

■ The company's contention that the report it received from Allstate Adjusters that such firm's employee, Yates, had repossessed the car was hearsay and without probative force is not sustained by the record. When the company conceded in its reply to an interrogatory that it had been advised that Yates, an Allstate Adjusters' employee, repossessed the Draper car, the specific duty Allstate was employed to perform, such statement was admissible as primary evidence. See "Agency", 2 T.J. 747, Sec. 276; 3 Am.Jur.2d 711, Sec. 354, 3 C.J.S. Agency § 322d, p. 281; 2 Restatement of the Law—Agency, Sec. 289, Comment b., p. 652.

In addition to the facts previously related, the record contains testimony that Yates called on Mrs. Draper, informed her that he had come to repossess the automobile, and asked for the keys. She declined to surrender them unless her husband, who was then in a hospital, consented. An understanding was reached that they would meet at the hospital and discuss release of the car with Mr. Draper. The hospital was at Mount Vernon in Franklin County. Yates was first to Draper's hospital room, and informed him of his intention to repossess the automobile. Mr. Draper insisted that no payments were past due on his account with the company and Yates withdrew, professing to agree to go with Mrs. Draper and ascertain whether or not a check that Draper claimed to have tendered in payment of delinquent payments had been or would be accepted by the bank. Mrs. Draper arrived and parked the automobile on the hospital grounds and proceeded to Draper's hospital room without encountering Yates. She briefly discussed the repossession affair and left to find Yates and cooperate with him in investigating the check. She went outside the hospital and discovered the automobile had been removed from the hospital grounds. She failed to find Yates. The credit company's brief states that, "Yates disappeared contemporaneously with the disappearance" of the automobile.

The hiatus in proof of facts necessary to sustain Subds. 9 and 23, Art. 1995, that the credit company argues under its two "no evidence" points is that there is no evidence that an agent or representative of the company repossessed the automobile in Franklin County. The evidence that Yates appeared at the Draper home in Franklin County and at Draper's hospital room, advised the Drapers that he was there for the purpose of repossessing the car, together with the company's statement that Yates did repossess the car, and the frank statement that Yates and the car simultaneously disappeared from the hospital within a few minutes of the time the car was parked is probative evidence supporting the trial judge's implied finding that Yates did take the car in Franklin County, Texas.

The judgment of the trial court is affirmed.