

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 26, 1974

The Honorable Tom Hanna
District Attorney
Jefferson County
P. O. Box 2553
Beaumont, Texas 77701

Opinion No. H- 244

Re: Whether Article
6252-4a, V. T. C. S.,
granting re-employ-
ment rights to return-
ing veterans, applies
to teachers of an
independent school
district

Dear Mr. Hanna:

Your request for our opinion asks whether Article 6252-4a, V.T.C.S., grants re-employment rights and other privileges to former school district employees who left their jobs for the purpose of active military service and who have since returned from active duty under honorable conditions.

Article 6252-4a was amended by Acts 1967, 60th Leg., ch. 469, p. 1074 and now provides in part:

> Sec. 1 "Any employee of the State of Texas or <u>any political subdivision, state institution, county or municipality</u> thereof, . . . who leaves his position for the purpose of entering the Armed Forces of the United States . . . shall, if discharged, separated or released. . . under honorable conditions, be restored to employment in the same department, office, commission or board of the State of Texas or any political subdivision, state institution, county or municipality thereof. . . ." (emphasis added)

Prior to the 1967 amendment the statute granted re-employment rights only to "any employee of the State of Texas." Attorney General Opinion WW-1443 (1962) held that the language "employee of the State" did not extend re-

employment rights to employees of independent school districts or common school districts since school districts are not primarily agencies of the State, but rather are public corporations of the same general character as municipal corporations.

However, since its amendment in 1967, the statute has applied both to state employees and to employees of any political subdivision, county or municipality of the State.

School districts have been classified as political subdivisions of the State, Port Arthur Independent School District v. City of Groves, 376 S. W. 2d 330 (Tex. 1964); Watts v. Double Oak Independent School District, 377 S. W. 2d 779 (Tex. Civ. App., Ft. Worth, 1964), no writ; King's Estate v. School Trustees of Willacy County, 33 S. W. 2d 783 (Tex. Civ. App., 1930, error refused); and as quasi public corporations of the character of municipal corporations, University Interscholastic League v. Midwestern University, 255 S. W. 2d 177 (Tex. 1953); Love v. City of Dallas, 40 S. W. 2d 20 (Tex. 1931); Southwestern Broadcasting Co. v. Oil Center Broadcasting Co., 210 S. W. 2d 230 (Tex. Civ. App., El Paso, 1947, ref. n. r. e.). And see Article 6252-6(2a), V. T. C. S., which defines "local political subdivisions" to include "counties, cities, towns, school districts, flood control districts, . . . and the like." (emphasis added)

Therefore, in our opinion, Article 6252-4a, as amended, does extend re-employment rights to veterans returning to former positions with school districts of this State. See Attorney General Opinions M-250 (1968) and M-886 (1971).

## SUMMARY

Veterans returning to positions with school districts of this State are given the right to re-employment in accordance with the provisions of Article 6252-4a, V. T. C. S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee