EDINBURG CONSOLIDATED
INDEPENDENT SCHOOL
DISTRICT, Appellant,

v.

The ST. PAUL INSURANCE
COMPANY, Appellee.

No. 13–88–318–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 26, 1989.

On Rehearing Jan. 18, 1990.

Alfonso Ibanez, William J. Quackenbush, Pena, McDonald, Prestia & Ibanez, Edinburg, for appellant.

Jack Hebdon, Thomas H. Crofts, Jr., Groce, Lock & Hebdon, San Antonio, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

OPINION

KENNEDY, Justice.

Edinburg Consolidated School District appeals both the granting of a summary judgment against it and the refusal of the trial court to grant its summary judgment in a lawsuit filed against The St. Paul Insurance Company. The issue before the trial court was whether the District was covered by a policy issued by St. Paul. The trial court held that the District was not covered. We agree and affirm the trial court's judgment.

The genesis of the litigation before us arose from a suit filed in 1979 by Jose B. Flores, individually and as next friend of David Flores, against the District and one of its teachers. Apparently, David Flores received a hand injury while attending a high school shop class. The teacher and the District received a summary judgment based upon the theory of governmental immunity. The Floreses' appeal to this Court was dismissed for want of jurisdiction. David Flores then filed a similar action in federal court against the District and the teacher in September 1980. The petition was amended in 1982, after David committed suicide. The amended complaint added new causes of action and pled the school board members or trustees as defendants. At trial, the Flores family dismissed their suit against the trustees but continued the suit against the District. After the plaintiffs dismissed the trustees as parties, Gaines Griffin, attorney for the trustees provided by St. Paul, immediately withdrew his defense. The Floreses received a favorable judgment against the School District, which was reversed on appeal.[1]

---

1. *See Flores v. Edinburg Consolidated Independent School District*, 741 F.2d 773, 774 (5th Cir. 1984).

In 1985, the District filed suit against St. Paul alleging that the insurance company wrongfully withdrew from the defense of its case in violation of Tex.Ins.Code Ann. art. 21.21 and the Texas Deceptive Trade Practices—Consumer Protection Act.. The District also alleged negligence and breach of fiduciary duty causes of action.

St. Paul's answer stated that it had neither agreed to defend the district nor had it filed an answer on the District's behalf. The answer asserts that the policy in effect covered the trustees and not the District itself.

Thereafter, the District filed a motion for summary judgment, arguing that a suit against the trustees in their official capacities is equivalent to a suit against the District. They relied upon the United States Supreme Court cases of *Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985) and *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) as authority. Both of those cases held, in essence, that a suit against a public servant in an official capacity imposes liability on the entity which that individual represents.

St. Paul also sought a summary judgment on the ground that no claim was made and no suit was filed against any of the named insureds for which a loss is payable during the policy term. The insurance company also complained that it never furnished a defense to the District rather, it only defended the District's trustees.

The summary judgment evidence filed by St. Paul included two affidavits and a copy of the subject insurance policy. Gaines Griffin, attorney for St. Paul, stated in his affidavit that St. Paul hired him to represent the trustees in the Floreses' suit. He claimed the District was being represented by its own attorney at the time he was hired to defend the trustees. This was after the Floreses had amended their suit to include the trustees as parties. Griffin averred that he appeared only for the trustees and continued to represent them until they were dismissed from the suit. Upon dismissal, he swore that he had no clients left in the case.

In the second affidavit, Jack A. Larsen, St. Paul's claims manager, stated that St. Paul issued an insurance policy to the District on June 9, 1976. This policy remained in effect until June 9, 1981. On that date, the policy was cancelled. He averred that the policy was a claims made policy. According to Larsen, St. Paul did not receive notice of the claim until November 2, 1982. He also stated that no claim was made and no suit was brought during the policy period or during the ninety day period after the policy was cancelled. According to Larsen, St. Paul assigned Griffin to defend the suit under a reservation of rights.

The policy was also included as part of the summary judgment evidence. Under the "insuring agreements" portion of the policy, it states that it shall, subject to its terms, conditions and limitations, pay on behalf of:

> The school district named in Item 1 of the Declarations for any amount it is required or permitted to pay as indemnity *to any person insured* under the applicable Coverage Plan designated in Insuring Agreement 11A for "Loss" as defined in Insuring Agreement 11B because of claims made against such Insured caused by any negligent act, any error, any omission or any breach of duty while acting in their capacity as such or any matter claimed against them solely by reason of holding such designated positions. (Emphasis ours)

The "Conditions" portion of the policy states that the insureds agree that the School District shall act on their behalf with respect to notice of claims or cancellation, the payment of premiums and receipt of any return premiums which may be due under the policy.

A movant for summary judgment bears the burden of showing that no genuine issue of material fact exists and that movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). In deciding whether or not a disputed material fact issue exists to preclude summary judgment, evidence favorable to the non-movant will be accepted as true. Every reasonable

inference will be indulged in the non-movant's favor and any doubts resolved in its favor.

Where both parties move for summary judgment, all the evidence accompanying both motions should be considered in deciding whether or not to grant either party's motion. *Villarreal v. Laredo National Bank*, 677 S.W.2d 600, 605 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). Furthermore, when two or more parties file motions for summary judgment and at least one is granted and the other is overruled, we determine all questions presented, including the propriety of the order overruling the losing party's motion. *Crystal City Independent School District v. Crawford*, 612 S.W.2d 73, 74 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.).

■ By its first point of error, the District claims that the trial court erred in granting summary judgment for St. Paul because it claims that once St. Paul began defending the trustees, it had a duty to continue that defense provided that (1) the insurance policy insured the school district, or (2) the primary lawsuit against the school district was, in law, a suit against the insured school board trustees in their official capacity. We hold that the insurance policy did not cover the District and the trial court properly granted St. Paul's summary judgment.

The District argues that a suit against a school district is equivalent to a suit against the trustees. They cite Tex.Educ. Code Ann. § 23.26(a) (Vernon 1987) as explicit authority for that point. It states:

> The trustees shall constitute a body corporate and in the name of the school district may sue and be sued.

Some cases discussed under this section of the Education Code hold that trustees and agents of a school district, while acting in an official capacity, enjoy the same governmental immunity as a school district. *See e.g. Russell v. Edgewood Independent School District*, 406 S.W.2d 249, 252 (Tex. Civ.App.—San Antonio 1966, writ ref'd n.r. e.). However, it does not follow that an insurance policy, undisputedly insuring only the trustees, necessarily covers the District simply because by statute the trustees have been given the power to manage and govern the District.

■ To accept the District's theory, we would be required to hold that the wording of the statute makes the insurance contract which the parties made of no effect. However, we find nothing in the statute that requires us to view the trustees and District as one. The policy covers only the trustees. Any discussion of the District in the policy clearly shows that it was not the intended insured.

Here, the Floreses brought suit against the District and others and later amended their petition to include the trustees in their official capacities. St. Paul's attorneys answered the suit as attorneys for the trustee defendants. Gaines Griffin, St. Paul's attorney, averred that his firm became involved in the case only when the appellants' petition was amended to include the trustees in their official capacities. He said that he continued to represent them until they were dismissed from the lawsuit in their individual and official capacities. It is clear that St. Paul's position in this case is supported not only by the unambiguous contract provisions but also by the ensuing facts as averred by Griffin and uncontroverted by the District.

The District's position that the District and the trustees are one and the same for purposes of coverage under this policy is untenable because undisputedly this case existed before the trustees were ever named as parties and continued to exist after they were dismissed from the suit. Appellant's points of error are overruled. The trial court's judgment is AFFIRMED.

NYE, C.J., files a dissenting opinion.

NYE, Chief Justice, dissenting.

I respectfully dissent. I believe that St. Paul had a duty to defend the Edinburg Consolidated Independent School District after its trustees were dismissed from the suit. Without question, the District is the named insured under the policy. I cannot agree with the majority's conclusion that

the insurance policy "undisputedly" insures only the trustees.

The record reflects that St. Paul, in response to interrogatory number four, stated that the District is the named insured under the policy. Based on St. Paul's response, the District supplemented its summary judgment motion. St. Paul then supplemented interrogatory four, stating that the insureds are those persons scheduled under Plan C.

I am aware that under Tex.R.Civ.Proc. 168, interrogatories are not to be viewed as judicial admissions and may be refuted even by the party supplying answers thereto. However, the probative effect of a party's replies to interrogatories is to be determined by their character as *admissible evidence.* As evidence, the replies may embody admissions of fact and have the same effect. *Ford Motor Credit Co., v. Draper,* 401 S.W.2d 848, 850 (Tex.Civ.App. —Texarkana 1966, no writ).

In *Thomas v. International Insurance Co.,* 527 S.W.2d 813, 819–20 (Tex.Civ.App. —Waco 1975, writ ref'd n.r.e.), the appeals court held that a plaintiff should be permitted to impeach the defendant's changed answers to interrogatories by a showing of the former answers, as well as the purported basis for changing the answers, just as impeachment would be proper for any other prior inconsistent statement. Based on this rule, once a party files its answers to interrogatories with the trial court, subsequent changes to these answers do not remove the original answers from consideration by the trier of fact. A superseded interrogatory of a party opponent is certainly some evidence of a disputed fact issue which would prevent the entry of a summary judgment. *See Thomas,* 527 S.W.2d at 819–20. In the instant case, St. Paul's original answer to interrogatory four is some evidence that the District is the named insured under the policy.

There is another basis for defeating the summary judgment rendered herein. Texas law clearly indicates that school districts and their trustees are one and the same entity. In Texas, school districts are "local public corporations of the same general character as municipal corporations." *Love v. City of Dallas,* 120 Tex. 351, 40 S.W.2d 20, 26 (1931); *Watts v. Double Oak Independent School District,* 377 S.W.2d 779 (Tex.Civ.App.—Fort Worth 1964, no writ). Although Texas school districts are subject to direct statutory control by our legislature, the legislature may delegate and does delegate much of the control of the school districts to the local trustees. *See University Interscholastic League v. Midwestern University,* 152 Tex. 124, 255 S.W.2d 177 (1953); *Alanreed Independent School District v. McLean Independent School District,* 354 S.W.2d 232 (Tex.Civ. App.—Amarillo 1962, writ ref'd n.r.e.). In other words, a school district speaks through the collective mouths of its trustees. The Texas legislature has provided that a school district's trustees "shall constitute a body corporate and in the name of the school district, may ... sue and be sued...." Tex.Educ.Code Ann. Sec. 23.-26(a) (Vernon 1987).

By virtue of the fact that a school district's board of trustees may sue or be sued in the school district's name, then a suit against the school district would be equal to a suit against the trustees in their official capacities. This being the case, it follows that a suit filed against the trustees in their official capacities would be equal to a suit against the school district.

In the instant case, the Floreses filed an amended complaint, naming as defendants the District and its trustees in their official capacities. When the Floreses dismissed the trustees in their official capacities, I believe that St. Paul had a duty to continue the defense of the District. It is axiomatic under such circumstances that the named insured (school board members) and the District are identical, the distinction in names for the purpose of a lawsuit being of no consequence. Where ambiguity exists regarding the identity of the named insured, a Texas insurance policy will be strictly construed in favor the person claiming to be the insured. *See Puckett v. United States Fire Insurance Co.,* 678 S.W.2d 936, 938 (Tex.1984). It makes no common sense, and I see no practical reason why

the District should have to maintain two insurance policies, one for itself and one for its board members. Both are subject to liability as a proper case may arise.

I would reverse the trial court's judgment and render judgment in favor of the Edinburg Consolidated Independent School District.

## OPINION ON MOTION FOR REHEARING

KENNEDY, Justice.

Appellant argues on rehearing that an insurance policy ambiguous with respect to the identity of the insured, should be interpreted in favor of the persons claiming to be the insured. Likewise, the dissenting opinion also assumes ambiguity in the policy based upon an interrogatory, answered by St. Paul, which was extraneous to the actual policy of insurance.

Rules applicable to construction of insurance policies are the same as those used in interpreting ordinary contracts. *Iowa Mutual Insurance Co. v. Faulkner*, 157 Tex. 183, 300 S.W.2d 639 (1957). When the policy language is clear, the courts will not create a new contract for the parties by arbitrary judicial construction or technical interpretation. *Entzminger v. Provident Life & Accident Insurance Co.*, 652 S.W.2d 533, 537 (Tex.App.—Houston [1st Dist] 1983, no writ). The question of whether a contract is ambiguous is one of law to be determined by the court. *O'Shea v. Coronado Transmission Co.*, 656 S.W.2d 557 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). If a contract is worded in a manner that it can be given a certain or definite meaning, it is not ambiguous. *Id.* at 561. When no ambiguity exists, parol evidence is not admissible to create an ambiguity. *Entzminger*, 652 S.W.2d at 537.

Here, the contract was unambiguous. It clearly insured the trustees and only the trustees. The policy was susceptible to only one meaning. Absent an ambiguity in the policy, no fact issue was created concerning the identity of the insured.

We overrule the motion for rehearing.

NYE, C.J., dissented with opinion.

## ON MOTION FOR REHEARING

NYE, Chief Justice, dissenting.

I respectfully dissent. The core issue is whether the Edinburg Consolidated Independent School District is the named insured under the subject insurance policy. The majority concludes the policy does not cover the District. I disagree for an additional reason not set out in my original dissent. In the original opinion, the majority, in arriving at their conclusion, relied heavily on the construction of Section 23.26(a) of the Texas Education Code. This section states:

> The trustees shall constitute a body corporate and in the name of the school district may acquire and hold real and personal property, sue and be sued, and receive bequests and donations or other moneys or funds coming legally into their hands.

The majority then states that "it does not follow that an insurance policy, undisputedly insuring only the trustees, necessarily covers the District simply because by statute the trustees have been given the power to manage and govern the District."

I see two major problems with the majority's conclusion. First, section 23.26(a) does not address who has the power and authority to manage and control Texas school districts. This statute establishes the principle that trustees and a school district are synonymous entities for purposes of a lawsuit.

Second, the majority's conclusion that the policy "undisputedly" covers only the trustees is incorrect. Even though the insurance policy does not specifically designate the Edinburg Consolidated Independent School District as a named insured, such designation is not necessary to afford coverage. An insured may be identified in the policy either by name or by description. *Scott v. Industrial Life Insurance Co.*, 411 S.W.2d 769, 773 (Tex.Civ.App.—Dallas 1967, no writ). As the purpose of a name is to designate the person or entity intended to be insured, any designation which

fulfills that purpose is also sufficient. *See* 2A M.S. Rhodes, Couch Cyclopedia of Insurance Law Sec. 23:4 (Rev.2d ed. 1984) and cases cited in footnote seven. In the instant case, even though the policy designates the trustees as insureds and does not specifically designate the District as an insured, this Court should not say that, *as a matter of law,* the District is not the named insured under the policy.

In their "OPINION ON MOTION FOR REHEARING," the majority decides that the subject insurance policy is "unambiguous" regarding the identity of the named insured. In support of this conclusion, they cite several cases, *Faulkner, Entzminger* and *O'Shea.* These cases hold, in part, that rules applicable to the construction of insurance policies are akin to those rules applicable to interpreting ordinary contracts. With this I have no quarrel. These cases do not, however, resolve ambiguities concerning the identity of a named insured and, therefore, fail to settle the controlling issue before this Court.

It has always been the law of this State that when the language of the insurance policy creates an ambiguity, the policy shall be construed most favorably to the insured. *Ranger Insurance Co. v. Bowie,* 574 S.W.2d 540, 542 (Tex.1978); *East Texas Fire Insurance Co. v. Kempner,* 87 Tex. 229, 27 S.W. 122 (Tex.1894); *Eggert v. American Standard Life Insurance Co.,* 404 S.W.2d 99, 104 (Tex.Civ.App.—Corpus Christi 1966, no writ). We apply this rule when the terms of the insurance contract are susceptible to more than one reasonable construction. *Bowie,* 574 S.W.2d at 542. According to Section 23.26(a), a suit against a school district's trustees in their official capacities is equal to a suit against the school district. This makes good common sense. Why should the school district carry two policies of insurance covering the same liabilities of the same insureds? I believe the majority's "OPINION ON MOTION FOR REHEARING" is contrary to the established Texas Law.

I would grant appellant's "MOTION FOR REHEARING," reverse the trial court's judgment and render judgment in favor of the Edinburg Consolidated Independent School District.