# NANCY CLARK, Plaintiff
## v.
# GENERAL ACCIDENT INSURANCE CO. PR. LTD., Defendant and MOUNTAIN TOP CONDOMINIUM ASSOC., Intervenor

Civ. No. 1995-89

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 5, 1997

KARIN BENTZ, ESQ., *for Intervenor Mountain Top Condominium Assoc.*

DOUGLAS L. CAPDEVILLE, ESQ., *for Defendant General Accident Insurance*

MOORE, *Chief Judge*

## MEMORANDUM OPINION

This matter was heard on December 20, 1996 on a motion for partial summary judgment filed by Mountain Top Condominium Association ("Mountain Top"). For the following reasons, Mountain Top's motion is denied.

### Factual and Procedural Background

Mountain Top is the named insured on an "all risk" policy ("the policy") issued by General Accident Insurance Company PR, Ltd. ("General Accident"). The policy includes general liability insurance as well as Directors and Officers liability insurance ("D & O policy").

In 1992, two individual condominium owners, Walter and Susan

Seipel, sued Mountain Top and the individual officers and directors of Mountain Top, including Nancy Clark, for alleged wrongful actions concerning the distribution of Hurricane Hugo insurance proceeds. Both Mountain Top and Nancy Clark separately provided notice to General Accident about the Seipel lawsuit and requested that General Accident defend and indemnify them pursuant to the D & O policy. When General Accident refused, Nancy Clark instituted this litigation. This Court ruled on January 25, 1996, that the D & O policy provided coverage to Nancy Clark for defense and indemnification with respect to the Seipel lawsuit. The Court held that a "claim" within the meaning of the D & O policy had been made when Clark informed General Accident of another lawsuit arising out of the same wrongful act. Mountain Top filed a motion to intervene on February 20, 1996 which was granted. Mountain Top now seeks a declaration by this Court that the D & O policy also provides coverage to Mountain Top and that General Accident is obligated to defend and indemnify Mountain Top with respect to the Seipel lawsuit.

### Discussion

■ Summary judgment is appropriate if there is no genuine issue of material fact and the plaintiff is entitled to a ruling as a matter of law. FED. R. CIV. P. 56(c). Determination of the existence of coverage under a written policy of insurance when the facts are not in dispute is a question of law. *McDowell-Wellman Engineering Co. v. Hartford Accident & Indemnity Co.*, 711 F.2d 521, 525 (3d Cir. 1983); accord Continental Insurance Co. v. Bodie, 682 F.2d 436, 437 (3d Cir. 1982).

■ The parties agree that under this Court's previous ruling, Mountain Top has met the claims-made requirement of the D & O policy. Thus the only issue before the Court is whether the D & O policy requires General Accident to defend and indemnify Mountain Top for its costs and expenses with respect to the Seipel lawsuit. At the hearing, the Court made a tentative ruling that the policy appeared ambiguous and that, reading the policy as a whole, it appeared that General Accident was obligated to defend and respond to any separate judgment entered against Mountain Top in the Seipel lawsuit. However, after a closer examination of

436

the policy and a review of relevant authorities, this Court concludes that the policy unambiguously does not provide such coverage for Mountain Top.

Directors and officers liability insurance became prevalent after the rash of litigation against corporate directors and officers in the mid-1980s. Corporate indemnification of the officers and directors provided only partial protection for these directors and officers and left them still exposed to substantial personal liability. WILLIAM E. KNEPPER & DAN A. BAILEY, LIABILITY OF CORPORATE OFFICERS AND DIRECTORS § 23-1 (5th Ed. 1993)(Ch. 23: "Insurance: Directors and Officers Liability."). Standard directors and officers liability insurance policies, such as the one here at issue, consist of two distinct coverages. The first coverage "indemnifies individual directors and officers for losses for which they are not indemnified by their corporation." *Id.* at § 23-2. The second coverage "reimburses the corporation for amounts which it is lawfully permitted or required to expend in indemnifying its officers and directors for their losses." *Id.* See also, COUCH ON INSURANCE, § 1:35 (3d ed. 1995)("Professional Liability"). However, "these policies do not insure the corporation itself against its own liabilities or defense costs." KNEPPER & BAILEY, § 23-2.

General Accident's D & O policy contains provisions that are standard for directors and officers liability policies. The relevant portions of the D & O policy provide that under "Coverage A," General Accident agrees to:

> pay on behalf of any director or officer all loss which such director or officer shall become legally obligated to pay because of any civil claim arising from a wrongful act as defined in this endorsement.

Under "Coverage B", General Accident agrees to

> pay on behalf of the named insured all loss which the named insured shall be required or permitted by law to pay as indemnity to any director or officer because of any civil claim arising from a wrongful act as defined in this endorsement.

These provisions have been interpreted to mean exactly what they purport to state, *i.e.*, that the named insured is not covered except

to the extent that it may indemnify its directors and officers for covered loss incurred by them. *Farmers & Merchants Bank v. Home Insurance Co.,* 514 So. 2d 825, 828 (Ala. 1987); *see also Edinburg Consolidated Independent School District v. St. Paul Insurance Co.,* 783 S.W.2d 610, 612 (Tex. App.—Corpus Christi 1989); *St. Paul Guardian Insurance Co. v. Canterbury School of Florida,* 548 So. 2d 1159 (Fla. Dist. Ct. App. 1989).

In *Farmers & Merchants Bank,* a bank had purchased directors and officers liability insurance with the same type of provisions at issue in this case.[1] When the bank was sued along with its officers and directors, the bank demanded that the insurance company provide the bank and its officers and directors with a defense. 514 So. 2d at 828. The insurance company responded that "the Bank is not an insured under the Policy, except to the extent that it may indemnify its directors and officers. Accordingly, to the extent that the complaint asserts claims against the Bank, they would not be covered. Similarly, costs of defense incurred by the Bank would not be covered." *Id.* The court found that the two insuring clauses did not provide the requested coverage for the bank, nor did it find the provisions ambiguous.

> The Home policy is not confusing with regard to the meaning of its terms nor with regard to the construction of the policy as a whole. The policy is explicit in describing the type of insurance coverage provided ("Directors and Officers Liability" and "Company Reimbursement" liability), in naming the insureds under the policy, in specifying the "Wrongful Acts" insured against, and in setting out the requisites for making a claim and collecting against the policy.

*Id.* at 829.

---

[1] The insurance there provided that "if during the policy period any claim or claims are made against the Insureds [defined as officers and directors] or any of them for a Wrongful Act . . . while acting in their individual or collective capacities as Directors or Officers, the Insurer will pay on behalf of the Insureds or any of them . . . 95% of all Loss . . ., which the Insureds or any of them shall become legally obligated to pay. . . ." The insurance also provided that "the Insurer will pay on behalf of the [Bank] 95% of all Loss . . . which the Bank may be required or permitted to pay as indemnities due to the Directors or Officers . . . ." *Farmers & Merchants Bank v. Home Insurance Co.,* 514 So. 2d 825, 827 n.2 & n.3 (Ala. 1987).

A similar conclusion was reached by the court in *Edinburgh School District*. The insurance company had issued a policy which stated that the company would pay on behalf of "the school district . . . any amount it is required or permitted to pay as indemnity to any person insured under the applicable Coverage Plan . . . ." 783 S.W.2d at 611. The applicable Coverage Plan insured the members of the board of trustees of the school district. The company defended the trustees in a lawsuit that was brought against the school district and the trustees. When the trustees were dismissed from the suit leaving only the school district as a defendant, the company withdrew the defense and the school district sued for a declaratory judgment. The court held that the insurance policy unambiguously only insured the trustees. *Id.* at 612. See also St. Paul Guardian Insurance Co., 548 So.2d at 1160 (holding that trustee and personnel liability policy only covered the trustees and not the school itself). The court was not persuaded by the argument that the school district and the trustees were one and the same for purposes of coverage under the policy. 783 S.W.2d at 612.

Similarly, the D & O policy at issue here does not provide coverage directly to Mountain Top for Mountain Top's defense of claims against it in the Seipel action.[2] Because the insuring clauses are not ambiguous, their plain meaning must be given effect. In addition, the fact that Mountain Top only acts through the actions of its board members does not render Mountain Top and the officers and directors one and the same for purposes of insurance coverage. Accordingly, Mountain Top's motion is denied. An appropriate order is attached.

ENTERED this 5th day of February, 1997.

---

[2] Forms of director and officer liability policies do exist which provide the kind of coverage Mountain Top is claiming that it purchased from General Accident. One example is found in *Continental Casualty Co. v. Board of Education of Charles County*, 302 Md. 516, 489 A.2d 536 (Md. 1985). There the school district purchased a policy with the standard two kinds of coverage — one for the trustees directly and one for the school district for indemnifying the trustees. In addition, the policy contained a "liberalization endorsement" in which the insurance company agreed to pay "all loss which the School District shall become legally obligated to pay." *Id.* at 538. Thus the policy expressly provided coverage of liability for the school district itself.

**ORDER**

For the reasons set forth in the accompanying memorandum, it is hereby

ORDERED that Mountain Top Condominium Association's motion for partial summary judgment is DENIED.

ENTERED this 5th day of February, 1997.