# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

September 12, 2008

The Honorable Jana A. Jones
271st Judicial District Attorney
Jack and Wise Counties
101 North Trinity, Suite 200
Decatur, Texas 76234

Opinion No. GA-0663

Re: Whether the members of a discretionary bail bond board may dissolve the board
(RQ-0687-GA)

Dear Ms. Jones:

Occupations Code section 1704.052 authorizes the creation of a county bail bond board "in a county with a population of less than 110,000 if a majority of the persons who would serve as members of the board . . . or who would designate the persons who would serve as members of the board, determine to create a board." TEX. OCC. CODE ANN. § 1704.052 (Vernon 2004). It appears that in Wise County, which has a population of fewer than 110,000, a bail bond board has been created under section 1704.052.[1] You ask whether "members of a discretionary bail bond board [created under section 1704.052] can dissolve the said bail bond board by [a] majority vote of the statutory members or a quorum thereof." Request Letter, *supra* note 1, at 1. If chapter 1704 does not authorize the dissolution, you also ask about the "law [that] must be followed to achieve that end if so desired[.]" *Id.* at 2.

Chapter 1704 of the Occupations Code provides for bail bond boards to regulate the bail bond[2] industry in "a county with a population of . . . 110,000 or more; or . . . less than 110, 000 in which a board is created." TEX. OCC. CODE ANN. § 1704.002 (Vernon 2004); *see id.* §§ 1704.051–.052. In a county that has a bail bond board, "a person may not act as a bail bond surety[3] or as an agent for a corporate surety in the county unless the person holds a license issued

---

[1]*See* Letter from Honorable Jana A. Jones, 271st Judicial District Attorney, Jack and Wise Counties, to Honorable Greg Abbott, Attorney General of Texas (Mar. 12, 2008) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

[2]"'Bail bond' means a cash deposit, or similar deposit or written undertaking, or a bond or other security, given to guarantee the appearance of a defendant in a criminal case." TEX. OCC. CODE ANN. § 1704.001(1) (Vernon Supp. 2008).

[3]A "bail bond surety" is a person who "executes a bail bond as a surety or cosurety for another person; or . . . for compensation deposits cash to ensure the appearance in court of a person accused of a crime." *Id.* § 1704.001(2); *see also id.* § 1704.001(5) ("'Person' means an individual or corporation.").

under chapter [1704]." *Id.* § 1704.151; *see also id.* § 1704.163 (Vernon Supp. 2008) (attorney exemption). The statute itself creates a bail bond board in a county "with a population of 110,000 or more." *Id.* § 1704.051 (Vernon 2004). In counties with a population of fewer than 110,000, however, creation of a bail bond board is authorized, but not required: "A board *may* be created in [such a county] if a majority of the persons who would serve as members of the board . . . or who would designate the persons who would serve as members of the board, determine to create a board." *Id.* § 1704.052 (emphasis added).[4]

As you note, chapter 1704 makes no provision for, or allusion to, the dissolution of a bail bond board. *See id.* §§ 1704.001–.306 (Vernon 2004 & Supp. 2008); Request Letter, *supra* note 1, at 2. Thus, the issue here is whether a "discretionary bail bond board," as you describe it, may nevertheless dissolve itself if a majority of the board members wish to do so. *See* Request Letter, *supra* note 1, at 1–2.

While no court has considered specifically a bail bond board's authority to dissolve, the courts have said that a political subdivision authorized to be created pursuant to legislative authority may be dissolved only pursuant to legislative authority. *See Ringling v. City of Hempstead*, 193 F. 596, 599 (5th Cir. 1911); *Harness v. State*, 13 S.W. 535, 537 (Tex. 1890); *Largen v. State ex rel. Abney*, 13 S.W. 161, 163 (Tex. 1890); *Watts v. Double Oak Indep. Sch. Dist.*, 377 S.W.2d 779, 780 (Tex. Civ. App.—Fort Worth 1964, no writ). As the Texas Supreme Court has described it, "'[t]he state creates such [municipal] corporations for public ends, and they will and must continue until the legislature annuls or destroys them, or authorizes it to be done.'" *Largen*, 13 S.W. at 162 (quoting 1 Dill. Mun. Corp. § 167); *see also Ringling,* 193 F. at 599 ("It is well settled that a municipal corporation can only be dissolved by legislative action."); *Harness*, 13 S.W. at 537 (stating that "[m]unicipal corporations can be created only in the manner provided by law, and when created must continue until abolished in some legal method"). This principle applies to political subdivisions other than cities. School districts, for instance, are "authorized and chartered by the State" and as "creatures of the State . . . can be destroyed only by their creator." *Watts*, 377 S.W.2d at 780 (citing *King's Estate v. Sch. Trs. of Willacy County*, 33 S.W.2d 783, 784 (Tex. Civ. App.—San Antonio 1930, writ ref'd)); *see Amer. Liberty Oil Co. v. State*, 125 S.W.2d 1107, 1109 (Tex. Civ. App.—Texarkana 1939, no writ) (holding that "[s]chool districts are local public corporations of the same general character as municipal corporations[; t]hey are quasi-municipal corporations").[5]

---

[4]A bail bond board consists of the following generally described persons: (1) the sheriff or a designee from the sheriff's office; (2) a district judge of the county with criminal jurisdiction or a designee; (3) the county judge, a county commissioner, or a designee; (4) a county court or county court at law judge with criminal jurisdiction or a designee; (5) the district attorney or assistant district attorney; (6) a licensed bail bond surety or agent for a corporate surety; (7) a justice of the peace; (8) the district clerk or the clerk's designee; (9) the county clerk with criminal matter responsibilities or the clerk's designee; (10) a presiding judge of a municipal court if appointed by the bail bond board; (11) the presiding judge or a municipal judge of the municipal court system if the county's principal city designates the presiding judge for such a system; (12) the county treasurer, the treasurer's designee, or the person designated by the commissioners court to perform the treasurer's duties; and (13) a criminal defense attorney practicing in the county. *Id.* § 1704.053.

[5]*See also* Tex. Att'y Gen. Op. Nos. GA-0621 (2008) at 3 (concluding that "[w]ithout authorization, the [Kerr County Airport] Authority may not be dissolved"); JC-0220 (2000) at 2 (concluding that a hospital district could not dissolve pursuant to an election because there was no statutory authority to call and hold a dissolution election), WW-395

(continued...)

While a bail bond board is not a political subdivision, it is a legal entity whose creation is authorized by the Legislature for public ends. *See Dallas County Bail Bond Bd. v. Mason*, 773 S.W.2d 586, 587 (Tex. App.—Dallas 1989, no writ); *Dallas County Bail Bond. Bd. v. Stein*, 771 S.W.2d 577, 579 (Tex. App.—Dallas 1989, writ denied). A bail bond board has been described as a "legal entity through which the county performs its governmental function." *Mason*, 773 S.W.2d at 587. It has also been described as a "governmental agent of the county for purposes of regulating the bail bond industry." *Stein*, 771 S.W.2d at 579. And it has been described as an "administrative agency." *Tex. Fire & Cas. Co. v. Harris County Bail Bond Bd.*, 684 S.W.2d 177, 178 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

And, as is the case with political subdivisions, the Legislature generally provides for the dissolution of public legal entities whose creation the Legislature authorizes.[6] This includes legal entities that the Legislature authorizes (like the bail bond board here), rather than requires, political subdivisions to create.[7] As noted by the Dallas court of appeals in a 1931 case involving an insurance company: "The policy in this state with reference to the dissolution and winding up of the affairs of its legal entities, as manifested by the acts of the Legislature, is that the right to bring about such results belongs exclusively to the state . . . ." *State v. Robinson*, 42 S.W.2d 457, 458 (Tex. Civ. App.—Dallas 1931, writ ref'd). The Legislature's express provisions for dissolution of legal entities indicates that the (1) authority to dissolve is not inherent or implied in the authority to create such entities and (2) when desired, the Legislature knows how to provide it.

As you observe, chapter 1704 does not specifically authorize the dissolution of a bail bond board by a vote of the board or by any other method. Nor does any provision in chapter 1704 suggest that the Legislature intended or contemplated such dissolution once a bail bond board is created. *Cf. Pruett v. Harris County Bail Bond Bd.*, 249 S.W.3d 447, 454 (Tex. 2008) ("We ascertain legislative intent concerning the [Harris County Bail Bond] Boards' authority from the plain and common

---

[5](...continued) (1958) at 3 (explaining that absent specific authority and procedure, an inactive junior college district could not be dissolved).

[6]*See, e.g.*, TEX. AGRIC. CODE ANN. § 74.127 (Vernon Supp. 2008) (authorizing the dissolution of the official cotton growers' boll weevil eradication foundation); TEX. GOV'T CODE ANN. § 441.131(b) (Vernon 2004) (authorizing regional library systems to provide for the dissolution of a nonprofit corporation created by the systems); *id.* § 481.024(d) (authorizing the Texas Economic Development Corporation's board of directors to dissolve the corporation); *id.* § 2306.558 (Vernon 2000) (authorizing the Texas State Affordable Housing Corporation's board of directors to dissolve the corporation); TEX. HEALTH & SAFETY CODE ANN. § 221.081 (Vernon 2001) (authorizing the local sponsoring entity that has created a health facilities development corporation to dissolve the corporation); TEX. LOC. GOV'T CODE ANN. § 303.101 (Vernon 2005) (authorizing sponsoring governing entity that has created a public facility corporation to dissolve the corporation); *id.* § 327.351(a) (Vernon 2005) (authorizing a county to dissolve a county zoological operation and maintenance board); TEX. NAT. RES. CODE ANN. § 62.161(a) (Vernon 2001) (authorizing county to call an election to dissolve beach park board of trustees); TEX. TRANSP. CODE ANN. § 22.159 (Vernon 1999) (authorizing constituent agencies incorporating a nonprofit airport facility financing corporation to dissolve the corporation); TEX. LOC. GOV'T CODE ANN. § 394.026(a) (Vernon 2005) (authorizing a housing finance corporation's board of directors to dissolve the corporation).

[7]*See supra* note 6.

meaning of the statute granting such authority."). First, while in a county with a population of fewer than 110,000 the Legislature has granted the discretion to *create* a bail bond board, we do not find and you do not direct us to any provision in the statute or other law indicating that such a county or its bail bond board has the concomitant discretion to dissolve the board. *Cf.* TEX. OCC. CODE ANN. § 1704.052 (Vernon 2004) (discretionary creation of board). Second, chapter 1704 contains no provisions for winding up the affairs of a bail bond board[8] or making a transition to the very different scheme that would govern the taking of a bail bond in a county without a bail bond board,[9] as would reasonably be expected if the Legislature contemplated the dissolution of a bail bond board. *See* TEX. GOV'T CODE ANN. § 311.021(3) (Vernon 2005) ("In enacting a statute, it is presumed that . . . a just and reasonable result is intended[.]"); *see also Font v. Carr*, 867 S.W.2d 873, 880 (Tex. App.—Houston [1st Dist.] 1993, writ dism'd w.o.j.) (describing the predecessor to Occupations Code 1704 as "a comprehensive statutory regulatory scheme that applies to the business of writing bail bonds"); Tex. Att'y Gen. Op. No. JC-0541 (2002) at 2 ( stating that Code of Criminal Procedure chapter 17 generally governs the "'taking of bail bonds on a bond-by-bond basis'").

---

[8]There is no provision in chapter 1704 for revocation or cancellation of a bail bond license or for the disposition of the related security deposited or executed because of the dissolution of the bail bond board. *See* TEX. OCC. CODE ANN. §§ 1704.001–.306 (Vernon 2004 & Supp. 2008); *see also Int'l Fidelity Ins. Co. v. Wise County Bail Bond Bd.*, 83 S.W.3d 257, 260 (Tex. App.—Fort Worth 2002, no pet.) ("Appellants [insurance companies], duly licensed by the [bail bond] board to write bail bonds in Wise County, thereby acquired a property right that has constitutional protection." (citing *Smith v. Decker*, 312 S.W.2d 632, 633 (Tex. 1958))). Occupations Code chapter 1704 provides for the licensing of bail bond sureties and requires a sheriff to accept bail bonds executed by license holders that have satisfied the requirements of the statute, including the deposit or execution of security. *See* TEX. OCC. CODE ANN. § 1704.201 (Vernon 2004). As security for executing bail bonds, a license holder must deposit with the county treasurer a cashier's check, certificate of deposit, or cash of not less than $50,000 or execute in trust to the bail bond board a deed to nonexempt real property with a value of not less than $50,000. *See id.* § 1704.160(a)–(d), (i) (Vernon 2004). The security deposited or executed may be withdrawn and returned if the license holder "(A) ceases to engage in the bonding business; (B) ceases to maintain the license; and (C) presents a release by the board; and . . . no judgment or bond liability, actual or potential, is outstanding against the license holder." *Id.* § 1704.210. Chapter 1704 specifies the grounds for discretionary and mandatory suspension or revocation of a license, including for failure to maintain the required security amount. *See id.* §§ 1704.252 (discretionary licenses suspension or revocation: grounds), .253 (mandatory license suspension or revocation: grounds).

[9]Chapter 17 of the Code of Criminal Procedure governs the taking of bail in a county without a bail bond board. *See Castaneda v. Gonzalez*, 985 S.W.2d 500, 502–03 (Tex. App.—Corpus Christi 1998, no pet.); *Font v. Carr*, 867 S.W.2d 873, 882 (Tex. App.—Houston [1 st Dist.] 1993, writ dism'd w.o.j.); Tex. Att'y Gen. Op. No. GA-0288 (2004) at 1. Unlike Occupations Code chapter 1704, Code of Criminal Procedure chapter 17 does not require a person to obtain a license to act as a bail bond surety nor does it require a deposit of a fixed sum to secure the execution of bail bonds. Chapter 17 authorizes "every court, judge, magistrate or other officer" taking a bail bond to "require evidence of the sufficiency of the security offered." TEX. CODE CRIM. PROC. ANN. art. 17.11, § 1 (Vernon 2005). Article 17.11 provides that "one surety shall be sufficient" if the surety is "worth at least double the amount of the sum for which he is bound, exclusive of all property exempted by law from execution, and of debts or other encumbrances; and that he is a resident of this state, and has property therein liable to execution worth the sum for which he is bound." *Id.* But the officer taking the bail bond may require an affidavit attesting to the surety's worth. *Id.* art. 17.13. And the officer may require further evidence "if the . . . officer taking the bail bond is not fully satisfied as to the sufficiency of the security offered." *Id.* art. 17.14. Article 17.141 permits the sheriff to "post a list of eligible bail bond sureties whose security has been determined to be sufficient," but each such listed surety "must file annually a sworn financial statement with the sheriff." *Id.* art. 17.141 (Vernon Supp. 2008).

In sum, as a general matter, public legal entities authorized to be created by legislative authority may be dissolved only pursuant to similar legislative authority. A bail bond board is a public legal entity. Chapter 1704 does not authorize the dissolution of a bail bond board or suggest that the Legislature intended or contemplated the dissolution of a bail bond board. In the absence of legislative authority, a bail bond board is not authorized to dissolve itself by a majority vote of the members or a quorum thereof or by any other method. Dissolution authority, if desired, must be sought from the Legislature.

## S U M M A R Y

Occupations Code chapter 1704 creates a bail bond board in a county with a population of 110,000 or more and authorizes the creation of a bail bond board in a county with a population of fewer than 110,000.   Because neither chapter 1704 nor another law authorizes it, a bail bond board created in a county with a population of fewer than 110,000 may not dissolve itself by a vote of the members of the board or by another method.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee