INTERNATIONAL FIDELITY INSUR-
ANCE CO. and Allegheny Mutual
Casualty Co., Appellants,

v.

WISE COUNTY BAIL BOND BOARD
and Kendall W. Hill d/b/a The
Bonding Company, Appellees.

No. 2–02–141–CV.

Court of Appeals of Texas,
Fort Worth.

July 18, 2002.

Gray & Becker, P.C. and Douglas M. Becker, Austin, for Appellants.

Patton Boggs, L.L.P., S. Cass Weiland and Robert A. Hawkins, Austin, for Wise County Bail Bond Board.

Kendall W. Hill d/b/a/ The Bonding Company, Bedford, pro se.

Panel B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

Appellants International Fidelity Insurance Co. and Allegheny Mutual Casualty Co. appeal from the trial court's denial of their request for a temporary injunction enjoining Appellee Kendall W. Hill, a licensed Texas attorney doing business as The Bonding Company, from being licensed by Appellee Wise County Bail Bond Board to write bail bonds in that county. *See* Tex. Occ.Code Ann. § 1704.152 (Vernon 2002). Appellants contend that the trial court abused its discretion by deciding that the bail bond board lawfully voted to approve Hill's license application and that Hill is nevertheless exempt from complying with the statutory continuing legal education requirements for a license. We will reverse the order denying the temporary injunction and remand to the trial court. Appellants present three issues for our consideration:

(1) Whether an attorney is an "individual" within the meaning of occupations code section 1704.152 and therefore subject to the bail bond licensing requirements.

(2) Whether a member of a bail bond board may change her vote on a license application during deliberations at a board meeting.

(3) Whether Appellants established irreparable harm and met requirements for a temporary injunction.

We answer each of the three issues in the affirmative.

### Statutory Requirements Not Met

■ The Texas Occupations Code creates minimum legal education requirements for everyone applying for a bail bond license, stating that in the two years preceding the date a license application is filed, the individual asking for a license must have "completed at least eight hours of continuing legal education in criminal law courses or bail bond law courses that are approved by the State Bar of Texas and that are offered by an institution of

higher education accredited by the state." TEX. OCC.CODE ANN. § 1704.152(a)(4)(B).

At the trial court hearing, Hill testified that although he was a licensed attorney practicing extensively in a criminal law field and in the past had "many hours of CLE," he had taken no criminal law or bail bond law courses in the last two years. He also admitted that, on April 12 and 13, 2002, after the bail bond board vote was cast, he had watched a video-taped CLE course in advanced criminal law and had received 25.25 hours of CLE credit for having done so. The video course was not offered by an institution of higher education accredited by the state. But Hill testified, "[I]t doesn't have to be. That's not what the Occupations Code says. It says offered by the State of Texas and/or higher education...." Moreover, he contended that the bail bond board had the authority to waive the CLE requirements for him, although he conceded that he had not looked for any case law supporting his position.

Notwithstanding the statutory requirement and Hill's testimony, the court explained on the record the reasons for denying the application for temporary injunction:

And it's—it's the Court's feeling that this statutory provision that's [sic] says CLE approved by the State Bar of Texas, and that are offered by an institution of higher education accredited by the State, that that is—they were thinking primarily of non-lawyers when they did this provision, because normally non-lawyer bailsman [sic] would not be attending any State Bar functions—any State Bar CLE.

■ An attorney is an "individual" within the meaning of occupations code section 1704.152 and therefore subject to the bail bond licensing requirements. *See* TEX. OCC.CODE ANN. § 1704.152. In con-

struing a statute, we must determine and give effect to the legislature's intent. *Nat'l. Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex.2000). Here, because the bail bond licensing act does not define the word "individual," we first look at the statute's plain and common meaning. *Id.* That means the word "individual" shall be read in context and construed according to the rules of grammar and common usage. TEX. GOVT.CODE ANN. § 311.011(a) (Vernon 1998).

The fact that Hill is a person or human being is undisputed. The dictionary defines the word "individual" as "[o]f or relating to a single human being," and further states that *"individual"* (noun) "in the sense of a person, is most fitting in examples in which a single human being is distinguished from a group or mass." THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 670 (1970). Therefore, we construe "individual," as used in the bail bond licensing act, to mean that a single human being, such as Hill, must comply with all of the act's eligibility requirements. *See* TEX. OCC.CODE ANN. § 1704.152.

■ Texas courts have no power to waive or alter the statutory requirements for issuance of a bail bond license. *See Harris County Bail Bond Bd. v. Blackwood,* 41 S.W.3d 123, 128 (Tex.2001). A trial court's opinion that the legislature did not intend to apply the CLE requirement to attorneys does not change the statute's language that makes CLE mandatory for every individual, including Hill. The only exemption for attorneys contained in the statute allows a person who is a licensed attorney in Texas but not licensed to act as a bail bond surety, to serve as a bondsman for a client he or she represents in a criminal case. *See* TEX. OCC.CODE ANN. § 1704.163. That exemption is not applicable to the facts of this case. Nothing in

the plain meaning of the terms used in the statute indicates that the legislature intended to exempt attorneys from the CLE requirements. Because Hill admitted that he had not met those requirements, he was not eligible for a bail bond license. We sustain Appellant's first issue.

In light of our holding that Hill was ineligible for a bail bond license, we need not consider or address Appellant's second issue that complains the board could not issue the license because a majority of the board members did not vote for it.

### The Temporary Injunction

To obtain a temporary injunction, the applicant must plead a wrongful act, a probable right of recovery on final trial, and a probable injury in the interim. *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex.1993); *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968). The applicant, however, is not required to establish that he will prevail on final trial. *Sun Oil*, 424 S.W.2d at 218. The only issue before the trial court at a temporary injunction hearing is whether the applicant is entitled to the preservation of the status quo pending final trial on the merits. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978).

To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *See Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex.1999); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse

of discretion has occurred. *Downer*, 701 S.W.2d at 241–42.

Appellants filed suit to protect their economic interests from illegal action by the board and from unfair and illegal competition. Appellants argue that they fulfill their bail bond services in accord with the statutory provisions and that they and other duly licensed bondsmen in Wise County who have complied with the licensing requirements are threatened by a loss of business, good will, and loss of prospective clients and business because of Hill's operating without a valid license.

An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence. *Davis*, 571 S.W.2d at 862; *see also Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex.1997). Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex.App.-Houston [1st Dist.] 1993, writ denied). A trial court's decision "in either granting or refusing the temporary injunction will not be reversed upon appeal unless it is determined that the trial court has been guilty of abuse of discretion or has failed to apply the law correctly to undisputed facts." *Manning v. Wieser*, 474 S.W.2d 448, 449 (Tex.1971).

Irreparable harm to Appellants and other members of the general public has been shown because of our holding that Hill was not qualified to obtain a bail bond license. Appellants, duly licensed by the board to write bail bonds in Wise County, thereby acquired a property right that has constitutional protection. *See Smith v. Decker*, 158 Tex. 416, 312 S.W.2d 632, 633 (Tex.1958). Their suit was filed to protect their interests from the board's illegal action and from unfair and illegal competition. The harm to Appellants and

other duly licensed bail bondsmen from the public perception that county authorities are free to disregard state law and licensing requirements is continuing and irreparable. Hill's operation as a bail bondsman in Wise County without a valid license, and beyond the scope allowed by occupations code section 1704.163, would threaten Appellants with a loss of business and good will that would be continuing and irreparable. *See* Tex. Occ.Code Ann. § 1704.163. The trial court abused its discretion by denying Appellants' petition for temporary injunction. Accordingly, we sustain Appellants' issue number three.

### Conclusion

We reverse the trial court's order denying Appellants' application for temporary injunction and remand to the trial court with instructions to grant Appellants' application for temporary injunction.