Opinion issued March 22, 2007








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00663-CV






EVERARDO VALLEJO, Appellant


V.


DAVID S. MEZA, Appellee






On Appeal from the 61st District Court

Harris County, Texas

Trial Court Cause No. 2006-08712






MEMORANDUM OPINION

 Appellant Everardo Vallejo brings this interlocutory appeal (1) from the trial
court's denial of his request for a temporary injunction to enjoin appellee David Meza
from evicting Vallejo from a house that Vallejo claims he purchased from Meza. We
affirm the trial court's order denying the temporary injunction.

Background

 On February 9, 2006, Vallejo filed suit against Meza alleging that Meza had
breached an oral agreement to transfer certain real property, i.e., a house located at
2017 Vance Street, Houston, Texas, where Vallejo had lived for several years. 
Vallejo also filed an application for temporary injunction requesting that Meza be
enjoined from pursuing an eviction action against Vallejo until the ownership of the
property was determined. 

 At the hearing on the application for temporary injunction, Vallejo testified that
he met Meza in 1994. Both men were stopped at a red light, when Meza indicated to
Vallejo that he was interested in buying the 1965 Chevy truck that Vallejo was
driving. Meza followed Vallejo to his house to further discuss the sale of the truck. 
Vallejo testified that he and Meza reached an oral agreement whereby Vallejo agreed
to give Meza $1500 and the truck as a down payment on the house, and thereafter to
make monthly payments of $375. Vallejo further testified that, in return, Meza
promised to sell the house located at 2017 Vance Street. Vallejo testified that he paid
Meza $375 dollars a month for five years, and, on one occasion, in 1995, he gave
Meza $600 or $700 for the payment of taxes. Vallejo admitted that he had never paid
taxes on the property. He testified that he had receipts for the payments he made to
Meza, but he did not bring them with him to court, nor had he given them to his
attorney. Vallejo's wife testified to essentially the same facts.

 Meza's attorney did not call any witnesses at the hearing, but, instead, argued
that Vallejo had not met his burden of proving entitlement to injunctive relief.

Propriety of Trial Court's Denial of Injunctive Relief

 In his sole issue on appeal, Vallejo contends the trial court erred by denying his
request for injunctive relief. 

Standard of Review

 Whether to grant or deny a temporary injunction is within the trial court's
sound discretion. Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002). A
reviewing court must not substitute its judgment for the trial court's judgment unless
the trial court's action was so arbitrary that it exceeded the bounds of reasonable
discretion. Id. The purpose of a temporary injunction is to preserve the status quo
of the litigation's subject matter pending a trial on the merits. Id. A temporary
injunction is an extraordinary remedy and does not issue as a matter of right. Id.; 
Walling v. Metcalfe, 863 S.W.2d 56, 57 (Tex. 1993). To obtain a temporary
injunction, the applicant must plead and prove three specific elements: (1) a cause
of action against the defendant; (2) a probable right to the relief sought; and (3) a
probable, imminent, and irreparable injury in the interim. Butnaru, 84 S.W.3d at 204.
When a consideration of the evidence is required, we view the record in the light most
favorable to the trial court's order, indulging every reasonable inference in its favor. 
EMSL Analytical, Inc. v. Younker, 154 S.W.3d 693, 696 (Tex. App.--Houston [14th
Dist.] 2004, no pet.). When, as here, the trial court does not make findings of fact or
conclusions of law, we must uphold the court's order on any legal theory supported
by the record. Id.

Analysis

 Our analysis will focus on the second element of the temporary injunction test; 
that is, whether Vallejo showed a probable right to recover on his breach of contract
cause of action from Meza. To show a probable right of recovery, an applicant need
not establish that it will finally prevail in the litigation, but must, at the very least,
present some evidence that, under the applicable rules of law, tends to support his
cause of action. Camp v. Shannon, 348 S.W.2d 517, 519 (Tex. 1961). A trial court
does not abuse its discretion if it bases its decision on conflicting evidence and
evidence in the record reasonably supports the trial court's decision. Davis v. Huey,
571 S.W.2d 859, 862 (Tex. 1978). An abuse of discretion does not occur as long as
some evidence supports the trial court's decision. Int'l Fid. Ins. Co. v. Wise County
Bail Bond Bd., 83 S.W.3d 257, 260 (Tex. App.--Fort Worth 2002, no pet.).

 Vallejo produced evidence that he and Meza had entered into an agreement for
the sale of the property at 2017 Vance Street. Both he and his wife testified that
Meza orally agreed to transfer the property in exchange for $1500, the 1965 Chevy
Truck, and payments of $375 on the house for a period of 5 years. He further testified
that he fully performed his part of the alleged agreement.

 The issue, thus, is whether any evidence in the record supports the trial court's
decision, i.e., was there any evidence to suggest that no contract in fact existed. We
begin by noting that there is no written contract evidencing the sale of the property. 
In general, an agreement to sell real property must be in writing. See Tex. Bus. &
Com. Code Ann. § 26.01(a), (b)(4) (Vernon Supp. 2006). (2)

 Vallejo conceded that the parties had only an oral agreement. Vallejo testified
that even though he had receipts for all the payments he had made to Meza, he did not
bring them to court, nor had he provided them to his attorney. Vallejo also admitted
that he had never paid taxes on the property, even though, on one occasion, he gave
money to Meza so that Meza could pay the taxes. 

 The trial court, as the finder of fact, could have concluded that, based on the
evidence presented, Vallejo's testimony did not show a probable right of recovery

 because he produced
no evidence of an agreement in writing. The trial court further could have concluded
that Vellejo's testimony was simply not credible. See State Bd. of Ins. v. Prof'l & 
Bus. Men's Ins. Co., 359 S.W.2d 312, 321-22 (Tex. Civ. App.--Austin 1962, writ
ref'd n.r.e.) (noting that at temporary injunction hearing, trial court is judge of
credibility of testimony and weight to be given thereto). From this record, we cannot
say that the trial court abused its discretion.

Conclusion

 We overrule Vallejo's sole point of error.

 We affirm the trial court's order denying injunctive relief.


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.


1. § 
2. 
 
 
 
 
 -- ' 
 -- ' 
 -- 
 --